*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

UNPUBLISHED
May 2, 2024

v

No. 367466
Livingston Circuit Court
LC No. 23-027877-FC

ROBERT GEORGE ALBERT,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

M. J. KELLY, P.J. (*dissenting*).

No one disputes that the actions of Robert George Albert were outrageous and resulted in the death of one person and the extremely serious injuries of another when he drove his pick-up truck at a high rate of speed while intoxicated. The question before us is whether his actions rise to the level of second-degree murder, MCL 750.317. The district court bound the case over on the second-degree murder charge and the circuit court reversed that decision. The majority now reverses the circuit court. I respectfully dissent.

Not every drunk-driving case that results in death warrants a trial on charges of second-degree murder. Instead, bindover on second-degree murder charges is only warranted when the case "involves a level of misconduct that goes beyond that of drunk driving," i.e., when there is some type of additional egregious circumstance. *People v Goecke*, 457 Mich 469; 579 NW2d 686 (1998). See also *People v Werner*, 254 Mich App 528, 533; 659 NW2d 688 (2002). The parties as well as the majority seem to recognize that, when reviewing the caselaw addressing this issue it is clear that speeding and intoxication alone are not enough to warrant a charge of second-degree murder. There must be more: a third factor of an aggravating nature.

In this case, the prosecution, relying upon the opinion of their expert accident reconstructionist, contends that Albert's act of swerving from his southbound lane of travel and into the northerly lane was the proximate cause of the crash. That opinion is neither novel nor controversial. The evidence for it appears clear. After all, the crash occurred in the northbound lane. Yet, what is novel is the notion that swerving when something appears before a driver—a deer, a child or, as here, a vehicle—constitutes malice. The district court and the majority believe

-1-

that because there is evidence that this swerve caused the crash it supports a finding of "probable malice." I do not.

Malice may be established by showing "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Goecke*, 457 Mich at 464. The third basis for proving malice may also be shown by evidence of "the intent to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result." *People v Gafkin,* 510 Mich 503, 511; 990 NW 2d 826 (2022). In other words, malice can be proven by showing that the defendant intended "to do an act that is in obvious disregard of life-endangering consequences." *People v Bailey*, 330 Mich App 41, 49; 944 NW2d 370 (2019) (quotation marks and citation omitted). "Malice may be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *Id*. at 48 (quotation marks and citation omitted). However, in *People v Russell*, unpublished per curiam opinion of the Court of Appeals, issued September 5, 2019 (Docket No. 347429); p 7, another case from the same county as this action, this Court explained that "speed and the horrific results of a crash alone are insufficient to lead a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that defendant acted with probable malice. If they were, then every defendant in a drunk driving case involving speeding and fatal results would be subject to a charge of second-degree murder."

The evidence here is disturbing. Albert was traveling at a rate of speed far greater than that of the posted speed limit. He was drunk. But to hold that probable malice was established because Albert took evasive action and swerved when the victims pulled in front of him is, in my view, outside the range of principled outcomes and therefore an abuse of discretion. The split-second decision to swerve may have been unwise, even negligent. And, as it tragically turned out, it was the wrong decision. But I fail to see how it constitutes probable malice. It seems to me to be an action that the vast majority of drivers would take, whether they were under the influence of alcohol or not.

It is important to note that Albert has not challenged on appeal the additional charges for which he was bound over: operating a motor vehicle while intoxicated causing death, MCL 257.625(4)(a) and operating a motor vehicle while intoxicated causing serious injury, MCL 257.625(5).

For the reasons set forth above, I would affirm the circuit court's order to quash the second-degree murder charge and remand to the circuit court for trial on the remaining charges. I, therefore, respectfully dissent.

/s/ Michael J. Kelly